Filed 5/21/21  Johnny R. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHNNY R., Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; KERN COUNTY DEPARTMENT OF HUMAN SERVICES, Real Party in Interest. | F082329 (Super. Ct. No. JD140246-00) **OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Susan M. Gill, Judge.

Johnny R., in pro. per., for Petitioner.

No appearance for Respondent.

Margo A. Raison, County Counsel, and Judith M. Denny, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]      Before Peña, Acting P.J., Snauffer, J. and DeSantos, J.

Petitioner Johnny R. (father) is the biological father of now 19-month-old L.B., who was removed from the custody of her mother, K.B. (mother) because of mother's drug use. At an uncontested dispositional hearing in January 2021, the juvenile court denied the parents reunification services and set a Welfare and Institutions Code section 366.26[1] hearing for May 28, 2021. Father seeks an extraordinary writ under California Rules of Court, rule 8.450[2] from the setting order, requesting a stay in the proceedings, reunification services and an order placing L.B. in his custody. He makes a variety of claims in his petition, which he filed in propria persona, none of which constitute legal error. Consequently, we deny the petition and the request for a stay. Mother did not file a writ petition.

**PROCEDURAL AND FACTUAL BACKGROUND**

Newborn L.B. (the baby) was taken into protective custody by the Kern County Human Services Agency (agency) in October 2019, after mother gave birth to her at home so that the agency would not remove her. Mother tied off the baby's umbilical cord with a binder clip and delayed 24 hours before taking her to the hospital. Both mother and the baby tested positive for amphetamine. Mother denied using methamphetamine in the prior two months.

Father and mother have four children in common; Joshua, Jonathan, Johnny and the baby. Mother also has a long history of methamphetamine use and child neglect. In May 2017, the juvenile court adjudged Joshua and his half-sister, A.S., dependent children and ordered mother to complete reunification services, including substance abuse counseling. Reunification services were not offered to father under section 361.5, subdivision (b)(16) because he is a registered sex offender. In November 2017, mother's reunification services were terminated and in April 2018, parental rights were terminated.

---

[1] Statutory references are to the Welfare and Institutions Code.

[2] Rule references are to the California Rules of Court.

2.

A.S. was placed with her father who was granted sole physical custody. In December 2017, Jonathan was removed because of mother's substance abuse. Neither parent was provided reunification services and their parental rights were terminated in August 2019. Johnny lived with father and maternal relatives.

On October 16, 2019, mother and father, then an alleged father, appeared at the detention hearing and were appointed counsel. The juvenile court ordered the baby detained, father to provide a DNA sample for paternity testing and the agency to arrange supervised visits for mother. The court set a jurisdictional/dispositional hearing for November 26, 2019. The hearing was continued to February 25, 2020. In the meantime, the baby was placed with her siblings, Joshua and Jonathan, in the home of a non-related extended family member who was willing to adopt her.

On February 13, 2020, a social worker spoke to father by telephone regarding the baby. Father stated, " 'I cannot go through this again[.] I fought for a year and a half and still did not get my kids back.… I want a new attorney.' " Father stated he had custody of Johnny and mother participated in visitation with him. He said he was married and had four stepchildren. He used marijuana for pain management and did not understand why he needed parenting classes and substance abuse services since the baby was not removed from him, reiterating, " 'I did this and I'm not going to do this again.' "

On February 25, 2020, the juvenile court declared father the biological father, adjudged the baby a dependent child under section 300, subdivisions (b) (failure to protect) and (j) (abuse of sibling), ordered visitation for father and continued the matter to May 6, 2020, for disposition.

The agency recommended in its report for the dispositional hearing the juvenile court deny mother reunification services on multiple grounds because of her extensive and chronic substance abuse and failure to reunify with the baby's siblings. (§ 361.5, subd. (b)(10), (11) & (13).) The agency also recommended against providing father reunification services because he did not comply with services ordered for Joshua and

Jonathan. In addition, he engaged in criminal activity, including possession and sale of illegal controlled substances, possession of a firearm, obstruction of law enforcement and domestic violence.

The dispositional hearing scheduled for May 6, 2020, was continued at the request of father's attorney and set for August 26, 2020. Neither parent was present at the hearing. The hearing was continued again and scheduled as a contested hearing on January 28, 2021.

In May 2020, the agency changed its position and recommended the juvenile court provide father reunification services. However, in a supplemental report, the agency revised its recommendation after father appeared to be under the influence while talking with a social worker over the phone in September 2020 and tested positive for THC, amphetamine and methamphetamine on November 19, 2020.

Neither parent appeared at the dispositional hearing on January 28, 2021. The matter was argued and submitted. The juvenile court removed the baby from parental custody, denied the parents reunification services as recommended and set a section 366.26 hearing for May 28, 2021.

## DISCUSSION

Father contends he is a good father and husband. He is married and caring for five children. He claims his court-appointed attorney did not meet with him to discuss the case and "false documents" were presented to the court. He further claims the social worker subverted his efforts and falsely accused him of being under the influence. Father does not, however, provide page citations to the appellate record to support his claims or explain why the juvenile court's orders were erroneous based on the evidence before it. Rather than dismiss father's petition as inadequate for review as real party in interest

4.

argues we should, we will liberally construe father's contentions as a claim of ineffective assistance of counsel and deny the petition as without merit.**³**

"All parties who are represented by counsel at dependency proceedings shall be entitled to competent counsel." (§ 317.5, subd. (a).) The test for showing ineffective assistance of counsel in dependency proceedings is the same test used in criminal proceedings. (See *In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1667–1668.) To prevail on his claim of ineffective assistance of counsel, the parent must "show that counsel failed to act in a manner to be expected of reasonably competent attorneys practicing in the field of juvenile dependency law" and that it is " 'reasonably probable that a result more favorable to the [parent] would have been reached in the absence of error.' " (*Id*. at p. 1668.)

To establish prejudice, appellant must show that there is a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for counsel's unprofessional errors. (*In re Kristin H.*, *supra*, 46 Cal.App.4th at p. 1668.) "A court need not evaluate whether counsel's performance was deficient before examining the prejudice suffered by [appellant]. [Citations.] Thus, a court may reject a claim if the party fails to demonstrate that but for trial counsel's failings, the result would have been more favorable to the [appellant]." (*In re Nada R.* (2001) 89 Cal.App.4th 1166, 1180.)

---

**³** We may dismiss a writ petition where, as here, the petitioner fails to identify the error(s) he or she believes the juvenile court made and to support each alleged error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).) Where possible, however, we will liberally construe a writ petition in favor of its adequacy, recognizing that a parent representing him or herself is not trained in the law. (Rule 8.452(a)(1).) Father's statement his attorney did not meet with him or assist him liberally construed raises a claim of ineffective assistance and provides a legal framework within which to address his various contentions.

When the juvenile court removes a child from parental custody at the dispositional hearing, it must provide reunification services for the child and the child's mother and statutorily presumed father. The court may order services for the child and the biological father if the court determines that the services will benefit the child. (§ 361.5, subd. (a).) In making its decision, the juvenile court receives in evidence the social study of the child made by the social worker. (§ 358, subd. (b)(1).)

We review the juvenile court's denial of reunification services for substantial evidence. (*Jennifer S. v. Superior Court* (2017) 15 Cal.App.5th 1113, 1121.) We conclude father's claim of ineffective assistance of counsel fails and that substantial evidence supports the juvenile court's order denying him reunification services.

As a biological father, father could only receive reunification services if the juvenile court found services would benefit the baby. The court found services would not be beneficial because of father's criminal history and recent substance abuse. That evidence was received by the court through the social worker's reports. Neither father nor his attorney disputed the evidence.

Father now claims there were "false documents" presented by the agency but does not specify which documents they were or even what information was false. If he is referring to the social worker's statement that he was under the influence during their telephone conversation, his claim it is "false" is conclusory without evidence to refute it, which he does not offer.

Father also claims his attorney did not meet with him but provides no details as to what efforts he made to communicate with his attorney and in what way the attorney was nonresponsive. According to the record, father attended the hearings along with his court-appointed counsel through the jurisdictional/dispositional hearing in February 2020. He could have consulted with his attorney before or after the hearings. He was not present at the dispositional hearings on May 6 and August 26, 2020, appeared on October 29, 2020, but not at the final dispositional hearing on January 28, 2021.

Despite father's absence, his attorney continued to advocate for him, even obtaining a continuance to discuss the agency's change in recommendation with him. In sum, father fails to show that an act or omission on the part of his attorney resulted in an adverse finding and thus his claim of ineffective assistance must fail.

Finally, father contends that the social worker thwarted his efforts. The record, however, reflects that the social worker was trying to develop a case plan with father, but he refused to discuss services, insisting that he did not need them and was not going to go through that process again. If anything, it appears father sabotaged his opportunity to reunify with the baby by not cooperating with the agency.

We find no error on this record.

## DISPOSITION

The petition for extraordinary writ is denied. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).

7.